IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LYDIA CENTRAL AVE 6523, LLC<br>　　*Plaintiff,*<br><br>v.<br><br>FAY SERVICING LLC,<br>BLACKSTONE RESIDENTIAL<br>OPERATING PARTNERSHIP LP, and<br>CIVIC FINANCIAL SERVICES LLC<br>　　*Defendants.* | §§§§§§§§§§§§§§§   CIVIL ACTION: 4:20-cv-587 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 1441, Defendant(s) FAY SERVICING LLC ("FAY"), BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP LP, ("BLACKSTONE") and CIVIC FINANCIAL SERVICES LLC ("CIVIC") hereby removes this action from the 67th Judicial District Court of TARRANT County, Texas to the United States District Court for the Northern District of Texas, FORT WORTH Division, as follows:

### I.     STATE COURT ACTION

1.      On JUNE 01, 2020, Plaintiff LYDIA CENTRAL AVE 6523, LLC ("LYDIA CENTRAL") filed its Original Petition and Application for Injunctive Relief (hereinafter "Petition") in the 67th Judicial District Court of TARRANT County, Texas styled *LYDIA CENTRAL AVE 6523, LLC vs. FAY SERVICING LLC, BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP LP, and CIVIC FINANCIAL SERVICES LLC* and bearing Cause No. 067-317151-20.

2. In the State Court Action, Plaintiff seeks declaratory judgment, damages as well as a stay to preclude the foreclosure of the real property located at 6521-6523 Central Ave, North Richland Hills, TX 76182 (the "Property") and asserts claims for Declaratory Judgment and Injunctive Relief.[1]

3. This lawsuit was filed in the 67th District Court of TARRANT County, Texas on JUNE 01, 2020. No Defendant has been served in the state court action.

4. Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5. Defendants FAY, BLACKSTONE and CIVIC remove the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the lawsuit is pending within the district and division. See 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

7. The United States District Court for the Northern District of Texas, FORT WORTH Division has original jurisdiction over this action based on federal question jurisdiction since at least one of Plaintiff's claims arises out of the laws of the United States.[2]

8. Additionally, the Court has original jurisdiction over this action based on diversity jurisdiction, as all Defendant(s) are now, and were at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.[3]

9. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1,

---

[1] Pl's. Orig. Pet. – Prayer; Sec. XXII.
[2] 28 U.S.C. § 1331.
[3] 28 U.S.C. § 1332(a).

this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---------|----------|
| A | Civil Cover Sheet and Supplemental Cover Sheet; |
| B | State court docket sheet and list of transactions for Case No. 067-317151-20; |
| C | Index of Documents Filed in State Court; |
| D | Appraisal Detail Report for the Subject Property. |

10. Simultaneously with the filing of this Notice of Removal Defendants FAY, BLACKSTONE and CIVIC are filing a copy of the Notice of Removal in the 67th Judicial District Court of TARRANT County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.  DIVERSITY JURISDICTION

11. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

A. **COMPLETE DIVERSITY EXISTS**

12. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

13. LYDIA CENTRAL AVE 6523, LLC is a Texas Limited Liability Corporation. The citizenship of an LLC depends on the citizenship of its members rather than its state of incorporation and principal place of business.[4] According to the Texas Secretary of State the sole member of LYDIA CENTRAL AVE 6523, LLC is Wendy Gerber, a Texas resident with an address of 2121 Lohman's

---

4  *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen*, 757 F.3d 481, 483 (5th Cir. 2014).

Crossing Rd., Ste 504-229, Lakeway, TX 78734. Therefore, LYDIA CENTRAL AVE 6523, LLC is a citizen of Texas.

14. Defendant Fay Servicing, LLC is a single member limited liability company. A limited liability company's citizenship is determined by its members.[5] Defendant Fay Servicing has only one member, Fay Management, LLC, which is a Delaware limited liability company. Thus, Fay is a citizen of Delaware for diversity purposes.

15. Defendant Blackstone Residential Operating Partnership L.P. is a Delaware Limited Partnership. To determine the citizenship of a Limited Partnership, the Court must ascertain the citizenship of both its general and limited partners. The sole general partner is Blackstone Real Estate Income Trust, Inc., a Maryland corporation. The sole limited partner is BREIT Special Limited Partner, L.L.C. The citizenship of a limited liability company is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of BREIT Special Limited Partner, L.L.C. is Blackstone Real Estate Income Trust, Inc., a Maryland corporation. Thus Blackstone Residential Operating Partnership L.P. is a citizen of Maryland.

16. Defendant Civic Financial Services, LLC is a limited liability company. The sole member of Civic Financial Services, LLC is Civic Ventures, LLC. The sole member of Civic Ventures, LLC is Wedgewood, LLC. Wedgewood LLC is a Delaware limited liability company. Its members are Gregory Geiser, David R. Wehrly and Darn S. Puhl. All of three members are citizens of California. Defendant Civic Financial Services, LLC is therefore a citizen of California for diversity purposes.

---

[5]   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

17.     Because Plaintiff is citizens of Texas and Defendants are citizens of states other than Texas complete diversity exists between the parties.[6]

B.     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

18.     Where a Defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.[7] A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.[8]

19.     In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[9] Specifically, the Farkas Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[10] Thus, when a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[11]

---

[6] 28 U.S.C. § 1332(c)(1).
[7] *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).
[8] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at 2 (S.D. Tex. Aug. 27, 2009).
[9] *Farkas v. GMAC Mortgage, LLC,* 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).
[10] *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).
[11] *Nationstar Mortgage LLC v. Knox*, No. 08- 60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (*quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg.*, L.L.C., et al., --- Fed. Appx. ----, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

20. Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[12]

21. Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs. This is because Plaintiff seeks relief from the conducting of an allegedly wrongful foreclosure sale of the Property[13], and as a result, the entire value of the Property is squarely at issue.[14] The Subject Property has a $128,841.00 appraisal district market value.[15]

22. Additionally, Plaintiff seeks actual damages and attorney fees.[16] Although Defendants FAY, BLACKSTONE and CIVIC will vehemently deny that Plaintiff is entitled to any declaratory relief, actual damages, or attorney fees, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiff in this matter exceeds $75,000, exclusive of interest and costs.

---

[12] *White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).
[13] Pl's. Orig. Pet. – Prayer; Sec. XXII.
[14] *Bardwell v. BAC Home Loans Servicing, LP,* No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48).
[15] Exhibit D.
[16] Pl's. Orig. Pet. – Prayer; Sec. XXII.

23. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.   CONCLUSION

WHEREFORE, Defendants FAY, BLACKSTONE and CIVIC hereby remove this action from the 67th Judicial District Court of TARRANT County, Texas to the United States District Court for the Northern District of Texas, FORT WORTH Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

**JACK O'BOYLE & ASSOCIATES**

*/s/ Travis H. Gray*
Travis H. Gray | SBN 24044965
travis@jackoboyle.com
Chris Ferguson | SBN 24068714
chris@jackoboyle.com
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653
F: 972.247.0642
*ATTORNEYS FOR DEFENDANTS FAY,
BLACKSTONE AND CIVIC*

## **CERTIFICATE OF SERVICE**

  This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on June 7, 2020 to:

Annette Loyd Vanicek
VANICEK LAW
4528 W. Vickery Blvd., Suite 202
Fort Worth, TX 76107
P: 817 769 2724
F: 817 769 2703
E:  annette@vaniceklaw.com
*COUNSEL FOR PLAINTIFF*
*LYDIA CENTRAL AVE 6523, LLC*

            */s/ Travis H. Gray*
            Travis H. Gray